IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| CAPITAL HEALTHCARE SOLUTIONS, INC., ) ) ) | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008, Pub. L. 110-325, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party, who was adversely affected by such practices. As described with greater particularity in Paragraph 8 below, the Commission alleges that Defendant Capital Healthcare Solutions, Inc. withdrew its offer of employment to, and refused to hire, Charging Party when it learned of his HIV positive status. The Commission alleges that Defendant discriminated against Charging Party because he is disabled and because it regarded him as disabled when it withdrew the offer of employment and refused to hire him in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), which incorporates by reference

Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4. At all relevant times, Defendant Capital Healthcare Solutions, Inc. ("Capital Healthcare"), a Pennsylvania corporation, has been continuously doing business in the Commonwealth of Pennsylvania and the City of Pittsburgh and has continuously had at least 15 (fifteen) employees.

5. At all relevant times, Defendant Capital Healthcare has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Capital Healthcare has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, the Charging Party filed a Charge of Discrimination with the Commission, EEOC Charge No. 533-2011-00587, alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least October 2010, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b)(1) by refusing to hire Charging Party because of his HIV positive status. The unlawful employment practices include the following:

   a. At all relevant times, Charging Party has had an impairment (HIV) that substantially limits the operation of his major bodily functions, such as his immune system, reproductive system, and normal cell growth, as well as substantially limiting other major life activities.

   b. At all relevant times, Charging Party was qualified for the position of Certified Nursing Assistant with or without reasonable accommodation.

   c. In or about September 2010, Charging Party applied for employment as a Certified Nursing Assistant with Defendant, a staffing service based in Pittsburgh, PA for nurses and other healthcare professionals.

   d. On or about September 20, 2010, Defendant extended a written conditional offer of employment to Charging Party, subject to his completion of a physical examination.

   e. On or about September 28, 2010, Charging Party's physician performed a pre-employment physical and filled out a medical form provided by

           Defendant. On that form, Charging Party's physician stated that Charging Party was HIV positive but that he was not restricted from performing his required job tasks, so long as "universal precautions" (such as gloves and face masks) were used.

    f.    On or about October 11, 2010, Defendant rescinded its offer of employment to Charging Party upon learning of his disability, i.e., that he was HIV positive.

    g.    Defendant refused to hire Charging Party because of his disability, i.e., HIV positive status, and because it regarded Charging Party as disabled.

9.     The effect of the practices complained of in Paragraphs 8(a) through (g), above, has been to deprive Charging Party of equal employment opportunities, and otherwise adversely affect his status as a job applicant because of Defendant's refusal to hire him due to his HIV positive status, in violation of the ADA.

10.     The unlawful employment practices complained of in Paragraphs 8(a) through (g), above, were intentional.

11.     The unlawful employment practices complained of in Paragraphs 8(a) through (g), above, were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability

discrimination, including but not limited to refusing to hire job applicants because of an actual or perceived disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and applicants.

C.  Order Defendant to pay appropriate back pay to the Charging Party in amounts to be determined at trial, prejudgment interest, instatement or front pay in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make whole the Charging Party by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 8(a)-(g), above, in amounts to be determined at trial.

E.  Order Defendant to make whole the Charging Party by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 8(a)-(g), above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant to pay the Charging Party punitive damages for the malicious and reckless conduct described in Paragraphs 8(a)-(g) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

FOR: EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

*Debra M. Lawrence By LHH*
DEBRA M. LAWRENCE
Regional Attorney
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
(410) 209-2734
(410) 962-4270 (facsimile)

*Ronald L. Phillips By LHH*
RONALD L. PHILLIPS
Supervisory Trial Attorney
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2737
(410) 962-4270 (facsimile)

*Lisa H. Hernandez*
LISA H. HERNANDEZ
Senior Trial Attorney
Pa. I.D. 87634
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA 15222
(412) 395-5852
(412) 395-5749 (facsimile)